UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| LEONARD EDWARD BACON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 2:04-cv-72-RLY-WGH |
| | ) | |
| CHRIS FITZGERALD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Motion For Summary Judgment**

This action is brought by Leonard Edward Bacon ("Bacon"). As recited in paragraph 5 of the Entry issued on December 29, 2004:

> The claim which remains is against those involved in the alleged use of excessive force in the course of the plaintiff's arrest on November 22, 2003. This claim is asserted against Indiana State Police Trooper Chris Fitzgerald and Justin Salisbury.

Defendant Fitzgerald seeks resolution of Bacon's claim through the entry of summary judgment. Bacon has not responded to the motion for summary judgment.

Whereupon the court, having read and considered the pleadings and the motion for summary judgment, and being duly advised, now finds for the reasons explained in this Entry that the motion for summary judgment must be **granted.**

**I.**

"Summary judgment is appropriate where the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Westra v. Credit Control of Pinellas,* 409 F.3d 825, 827 (7th Cir. 2005) (quoting Rule 56(c) of the *Federal Rules of Civil Procedure*). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.*

Bacon has not opposed or responded to the motion for summary judgment. While the summary judgment standard of review requires the court to examine the facts in a light most favorable to the non-moving parties, this court's Local Rule 56.1 also requires the non-moving parties to provide, in a response brief, a section labeled "Statement of Material Facts in Dispute" that "responds to the movant's asserted material facts by identifying the potentially determinative facts and factual disputes which the non-moving party contends demonstrate that there is a dispute of fact." Local Rule 56.1(b). To the extent that the non-moving parties fail "specifically" to controvert facts alleged and supported by the moving party, those facts are to be assumed true. Local Rule 56.1(e). This is a requirement fully warranting enforcement, even when the non-movant is proceeding without counsel. *See, e.g., Greer v. Bd. of Educ., of the City of Chicago,* 267 F.3d 723, 727 (7th Cir. 2001); *Members v. Paige,* 140 F.3d 699, 702 (7th Cir. 1998) (stating that procedural rules "apply to uncounseled litigants and must be enforced"). The Seventh Circuit has "consistently and repeatedly upheld" district courts' discretion to require compliance with the local rules governing summary judgment. *Bordelon v. Chicago Sch. Reform Bd. of Trustees,* 233 F.3d 524, 527 (7th Cir. 2000); *Waldridge v. Am. Hoechst Corp.,* 24 F.3d 918, 922 (7th Cir. 1994) (collecting numerous cases). Accordingly, the consequence of Bacon's failure to oppose the motion for summary judgment is that the court assumes as true for the purpose of resolving the motion those factual allegations which are properly asserted and supported that have not been specifically disputed by Bacon in the manner required by the applicable rules.

**II.**

The undisputed facts for the purpose of the motion for summary judgment are the following:

1. At all times relevant to the events underlying Bacon's claim, Trooper Fitzgerald was a Trooper with the Indiana State Police and was assigned to patrol an area that included Parke County, Indiana.

2. Prior to November 24, 2003, Trooper Fitzgerald had been instructed in the proper use of force to detain individuals. The proper use of force to detain a resistant individual is one level higher than the force which the officer encounters. Trooper Fitzgerald has been instructed in non-lethal measures used to gain compliance of highly aggressive, violent, and resistant individuals which includes open hand strikes, closed-hand strikes, and kick strikes strategically placed to stun the aggressive and violent individual. Applications of the mandibular pressure and the common perineal knee strike are techniques commonly used to gain compliance of highly aggressive, violent, and resistant individuals.

3. On November 24, 2003 at approximately 11:43 p.m., Trooper Fitzgerald was on patrol northbound on Jefferson Street US 36 in Montezuma, Indiana when he observed a tan 1984 Lincoln traveling eastbound on US 36 at Jefferson Street without an illuminated license plate and traveling left of the center line in a "no passing" zone.

      4.      Trooper Fitzgerald then initiated a traffic stop by activating his emergency lights. The driver slowed to approximately 40 m.p.h. but did not stop, attempt to pull over, or demonstrate his intentions to do either. Trooper Fitzgerald activated his siren and attempted to gain the driver's attention by spot lighting his mirrors.

      5.      Trooper Fitzgerald notified dispatch that he had a tan 1984 Lincoln bearing Indiana License Plate 83B257 refusing to pull over being driven by an adult male later identified as Bacon. There were no passengers in the vehicle Bacon was driving.

      6.      Parke County Deputy Justin Salisbury joined the pursuit with lights and siren activated and followed behind Trooper Fitzgerald.

      7.      The officers pursued Bacon along various roads and highways. Deputy Salisbury attempted to pass the vehicle on the left, but Bacon swerved to the left, directly at Deputy Salisbury's vehicle. When he swerved toward Deputy Salisbury's vehicle, Bacon was traveling at speeds of up to 80 to 90 m.p.h. weaving left of the center line and right of the fog line. After pursuing Bacon for several miles, the Trooper observed that Vermillion County Deputy Sheriff Yoho had placed disabling stop sticks in the path of Bacon's vehicle. Bacon contacted the stop sticks, his vehicle struck the guard rail and came to rest in the embankment of a concrete ditch.

      8.      Trooper Fitzgerald exited his vehicle with his duty weapon drawn and yelled, "Stop, get down, police!" Bacon simultaneously had exited his vehicle and began to run north. Again Trooper Fitzgerald yelled, "Stop, police" but Bacon yelled back, "No f*** you!" Bacon ran approximately ten more yards, turned around and took a fighter's stance, raised his fists and said, "F*** you, let's go!"

      9.      Trooper Fitzgerald did not observe any weapons in Bacon's hand and so he holstered his duty weapon. Deputy Salisbury arrived and the two officers tried to detain Bacon. Bacon began to throw closed fist punches at the officers. The three went to the ground in a struggle. With a closed fist, Bacon struck the left side of Trooper Fitzgerald's forehead. 25). Trooper Fitzgerald returned with a right hand straight punch strike to Bacon's torso in an attempt to stun Bacon to gain control of him. Trooper Fitzgerald then grabbed Bacon's left hand with his left hand and applied mandibular pressure followed by a common perineal knee strike to Bacon's left thigh area in an attempt to stun him allowing for the officers to gain control. Deputy Salisbury applied a chemical agent spray to Bacon, exposing all three individuals to the spray. Bacon continued to punch with his right hand and would not bring his left hand behind his back. Bacon maneuvered onto his stomach and clasped his hands under his body. The officers eventually overpowered Bacon, applied handcuffs and placed him under arrest. The physical confrontation ceased after Bacon was handcuffed.

      10.      Immediately following the incident, Trooper Fitzgerald was treated and released at West Central Community Hospital for a contusion to his left forehead.

11. Prior to the incident, Trooper Fitzgerald had been trained in the recognition of the signs of intoxication in individuals which include slurred speech, odor of alcohol, watery or red eyes, and disheveled appearance. Bacon exhibited signs of alcohol intoxication. Trooper Fitzgerald's opinion is that Bacon was intoxicated at the time of the incident. Bacon was charged with various traffic and other offenses associated with the events described above.

### III.

### A. The Arrest

Although the lawfulness of Bacon's arrest is not encompassed by the Entry of December 29, 2004, Trooper Fitzgerald has presented the matter in his motion for summary judgment and the court considers it.

The Fourth Amendment protects against unreasonable searches and seizures. "Reasonableness" under the Fourth Amendment, and thus, the constitutionality of a warrantless arrest, requires the existence of probable cause to make an arrest. "A warrantless arrest without probable cause violates the Constitution and forms the basis for a section 1983 claim." *Marx v. Gumbinner,* 905 F.2d 1503, 1505 (11th Cir. 1990). Conversely, police may make warrantless arrests based on probable cause. *United States v. Watson,* 423 U.S. 411, 418 (1976).

"[A] warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed. Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest." *Devenpeck v. Alford,* 125 S. Ct. 588, 593 (2004) (citations omitted). A law enforcement officer has probable cause to arrest a suspect "when the totality of the facts and circumstances within his knowledge and of which he has reasonably trustworthy information is sufficient to warrant a prudent person in believing the suspect committed or was committing an offense." *Marshall v. Teske,* 284 F.3d 765, 770 (7th Cir. 2002). "Determinations of probable cause are naturally based on probabilities, and a finding of probable cause 'does not require evidence sufficient to support a conviction, nor even evidence demonstrating that it is more likely than not that the suspect committed a crime.'" *United States v. Funches*, 327 F.3d 582, 586 (7th Cir. 2003) (quoting *United States v. Carrillo*, 269 F.3d 761, 766 (7th Cir. 2001)).

Trooper Fitzgerald's observation of the reckless, dangerous and improper movement of the tan 1984 Lincoln traveling eastbound on US 36 at Jefferson Street without an illuminated license plate and traveling left of the center line in a "no passing" zone during the late evening of November 24, 2004, constituted a hazard to other traffic and that the manner in which it was being operated violated various traffic laws. This justified the initial stop of the vehicle. *Whren v. United States,* 517 U.S. 806, 810 (1996) (decision to stop and detain motorists is reasonable where there is probable cause to believe that a traffic violation has occurred). Bacon's fleeing during the police pursuit, his refusal to submit to the lawful commands of Trooper Fitzgerald and his fighting with Fitzgerald support the remaining charges.

4

IND. CODE § 35-44-3-3 (a)(3) and (b)(1) provide that a person who knowingly or intentionally flees through the use of a motor vehicle from a law enforcement officer after the officer has, by visible or audible means, identified himself and ordered the person to stop commits a class D Felony. "It is well settled that the actual existence of probable cause to arrest precludes a § 1983 suit for false arrest." *Juriss v. McGowan,* 957 F.2d 345, 349 n.1 (7th Cir. 1992) (citing *Schertz v. Waupaca County,* 875 F.2d 578, 582 (7th Cir. 1989)). It is indisputable in this case that there was probable cause for Bacon's arrest both at the point were he was pursued for the traffic violations and thereafter for the other matters, notably for resisting law enforcement.

### B. The Use of Force

The lawful arrest of Bacon justified the use of force by Trooper Fitzgerald necessary to effectuate the arrest, for a police officer's ability to make a stop or an arrest "necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Graham v. Connor,* 490 U.S. 386, 396 (1989). The force used in making the seizure in this instance was not objectively unreasonable. *Id.* at 395 ("[A]ll claims that law enforcement officers have used excessive force--deadly or not--in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard."); *Estate of Phillips v. City of Milwaukee,* 123 F.3d 586, 592-93 (7th Cir. 1997) (where an offender is resisting arrest, an officer can use that amount of force necessary to overcome the offender's resistance), *cert. denied,* 522 U. S. 1116 (1998). Trooper Fitzgerald did use physical force against Bacon, but only to gain sufficient control over Bacon to effectuate the arrest. The undisputed evidentiary record shows that Trooper Fitzgerald used only that minimum force that was objectively necessary and reasonable under the circumstances to gain control of Bacon.

Accordingly, the Fourth Amendment claim for the excessive use of force is without merit under the circumstances, and Bacon has not argued otherwise.

### C. Other Arguments

Trooper Fitzgerald argues in support of his motion for summary judgment that Bacon presents an additional claim based on statements he claims Fitzgerald made to Bacon's wife at the hospital (where Bacon was transported after being placed in custody). Although the pretrial Entry recites no such claim, this is of no consequence. Even if such a claim is present at this point, it is meritless. *Grennier v. Frank,* 2006 WL 1815980, at *2 (7th Cir. July 5, 2006).

### IV.

Summary judgment is, in a rough sense, "the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Schacht v. Wisconsin Dep't of Corrections,* 175 F.3d 497, 504 (7th Cir. 1999). Bacon, as the non-movant, has doomed the claim against Fitzgerald by not coming forward with a genuine question of fact for trial. *Liberles v. County of Cook,* 709 F.3d 1122, 1126 (7th Cir. 1983) ("It is a well-settled rule that a party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary

5

judgment should not be entered."). "Summary judgment is not a discretionary remedy. If the plaintiff lacks enough evidence, summary judgment must be granted." *Jones v. Johnson,* 26 F.3d 727, 728 (7th Cir. 1994), *cert. granted* 513 U.S. 1071 (1995). That is precisely the situation with respect to the present case, and the motion for summary judgment must therefore be **granted**.

Resolution of Trooper Fitzgerald's motion for summary judgment does not resolve all the claims against all the parties.

**IT IS SO ORDERED.**

Date: 07/13/2006

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Craig Morris McKee, WILKINSON GOELLER MODESITT WILKINSON & DRUMMY
    cmmckee@wilkinsonlaw.com
Leonard Edward Bacon, PO Box 205, Newport, IN 47966
Thomas D. Quigley, INDIANA STATE ATTORNEY GENERAL, thomas.quigley@atg.in.gov
Cory Christian Voight, INDIANA STATE ATTORNEY GENERAL, cory.voight@atg.in.gov